IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-00072-MSK-PAC

WILLIAM M. LEE,

    Petitioner,

v.

GARY WAKINS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**OPINION AND ORDER DENYING MOTION TO FILE NOTICE
OF APPEAL OUT OF TIME**
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Motion to File Notice of Appeal and Appeal Out of Time **(# 58)**.

On November 7, 2005, this Court issued an Order **(# 57)** overruling the Petitioner's Objections to the Magistrate Judge's Recommendation and dismissing the Petition. No timely Notice of Appeal was filed. On April 25, 2006, the Petitioner filed the instant Motion, stating that he did not become aware of the Court's Order until April 10, 2006. The Petitioner's counsel supplied an affidavit that acknowledges that the Clerk's Office informed him that the Order was electronically served upon him on November 7, 2006, but that "[a]lthough counsel has no way of disputing this fact, counsel affirmatively states that he did not receive the Order."

The Petitioner's Motion invokes "Rule 5(A), F.R.A.P. [under which] the court may extend [the time to file a Notice of Appeal] when a party shows excusable neglect or good cause."

1

*Docket* # 58 at ¶ 5. Fed. R. App. P. 5(a) deals with cases in which the right to appeal is within the Court of Appeals' discretion, and is clearly inapplicable here. The Court assumes that the Petitioner's Motion contains a typographical error, and instead seeks to invoke Fed. R. App. P. 4(a)(5)(A), which permits the Court to extend the time within which a party may file a Notice of Appeal, provided the party shows excusable neglect or good cause. However, the Court's ability to grant such relief is strictly constrained by the Rule, which requires that the party seeking such relief "move[ ] no later than 30 days after the time" to file a Notice of Appeal otherwise expires, Fed. R. App. P. 4(a)(5)(A)(i), and provides that any extension of time to file a Notice of Appeal be limited to 30 days after the time to file would otherwise run. Fed. R. App. P. 4(a)(5)(C). Pursuant to Fed. R. App. P. 4(a)(1), the Petitioner's time to appeal expired "30 days after the judgment or order appealed from [was] entered" – namely, December 7, 2005, 30 days after November 7, 2005. Because the Petitioner's Motion was not filed within 30 days of December 7, 2005, and seeks an extension beyond that date within which to file a Notice of Appeal, Rule 4(a)(5) simply prevents the Court from granting the requested relief, no matter the circumstances.

Although the Petitioner has not separately addressed it, Fed. R. App. P. 4(a)(6) appears to be the proper vehicle upon which he may seek relief. That rule provides that the Court may reopen the time to appeal upon a showing that: (i) the Petitioner did not receive notice of the entry of the Order within 21 days of its entry; (ii) the motion is filed within 180 days of the entry of the Order or within 7 days of the date the Petitioner received notice of the entry of the Order, whichever is earlier; and (iii) that the Respondents would not be prejudiced. Fed. R. App. P. 4(a)(6)(A)-(C).

Beginning with the first element, the Court has doubts that the record sufficiently demonstrates that Petitioner did not receive notice of the entry of the Order within 21 days of its entry. The November 7, 2005 Order was served on the parties by the Clerk of the Court pursuant to the Court's Electronic Case Filing ("ECF") Procedures on the same date it was issued. Petitioner's counsel is registered as an ECF participant, and the Court's Certificate of Service indicates that the Clerk of the Court served the Order on the Petitioner's counsel at his e-mail address of record, pbutler@lammlaw.com. Pursuant to the Court's ECF Procedures, "[r]egistration as a participant in ECF shall constitute consent to electronic service of all documents in accordance with the Federal Rules of Civil Procedure." D.C. Colo. ECF Procedures, § III.B.3. Thus, the Court's records indicate that the Petitioner was properly served with notice of the entry of the November 7, 2005 Order.

The Court has no reason to doubt the Petitioner's counsel's veracity when he contends that he personally did not receive the Order, but this may not be sufficient to rebut the presumption of receipt. The Petitioner has not offered and the Court has not found case authority in the 10th Circuit that addresses the analysis to be used in this circumstance; therefore the Court refers to case authority from outside the circuit that addresses receipt in the context of regular mail. In *Nunley v. City of Los Angeles*, 52 F.3d 792, 794-95 (9th Cir. 1995), a district court was confronted with a denial of receipt of notice. The 9th Circuit opined that in such event, a district judge must then weigh the competing evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon the presumption that accompanies proof of mailing.

Here, the Petitioner's counsel's denial of receipt is not accompanied by any additional evidence that suggests that the electronic transmission notifying counsel of the Order never reached counsel's computer. For example, there is no evidence establishing the usual practice of counsel regarding the handling and distribution of e-mail, identification of mail server logs indicating there was no traffic from the Court on or about November 7, 2005, or evidence that there may have been a electronic malfunction that prevented counsel's computer from receiving or displaying the notice sent by the Court. *See e.g. Nunley*, 52 F.3d at 796 (discussion of evidence typically offered to prove non-receipt of postal mail). In essence, without corroborating evidence, the Petitioner's assertion of non-receipt is in equipoise with the Clerk's Office's assertion that the Order was properly sent to the Petitioner's counsel. In the face of such equally-balanced evidence, the Petitioner has not carried his burden of proving non-receipt.

However, even if non-receipt had been established, the Petitioner has not demonstrated that his motion was filed within the time limits of Rule 4(a)(6)(B). Because the Order was entered on November 7, 2005, the Petitioner's Motion had to be filed on the earlier of 180 days from November 7, 2005 – *i.e.* May 6, 2006 – or within 7 days of the date he received notice of the Order. According to the Petitioner's counsel's affidavit, he first learned of the Order on April 10, 2006. Seven days from that date, excluding intermediate weekends and holidays in accordance with Fed. R. Civ. P. 6(a), was April 19, 2006. Thus, April 19, 2006, the earlier of the two possible deadlines, was the date by which the Petitioner was required to move to reopen the time for filing a Notice of Appeal. The Petitioner's Motion was filed on April 25, 2006, a full week later, and thus, is untimely under Fed. R. App. P. 4(a)(6)(B). Accordingly, the Motion is denied as untimely.

The Court is mindful of the harm that this ruling works on the Petitioner. By denying him the opportunity to file an untimely Notice of Appeal, the Court effectively deprives him of the opportunity to obtain appellate review of the Court's rulings on his *habeas* petition. (This is not to say, however, that the Petitioner would necessarily have been entitled to a Certificate of Appealability under 28 U.S.C. § 2253(c).) The Court is also mindful of the formidable sentence of imprisonment that the Petitioner is currently serving on the convictions for which *habeas* relief is sought. Nevertheless, the requirements of Fed. R. App. P. 4(a)(6) are unambiguous, and the importance of the underlying substantive issues to the Petitioner does not permit the Court to ignore the rule's requirements as to what must be shown before relief may be granted.

Accordingly, the Petitioner has failed to make a sufficient showing to entitle him to relief under Fed. R. App. P. 4(a)(6). The Motion to File Notice of Appeal Out of Time **(# 58)** is **DENIED**.

Dated this 23d day of October, 2006

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge